**WO**                                                                                            JDN

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Gene P. Nadeau,                              )     No. CV 04-2689-PHX-MHM-LOA
                                             )
          Plaintiff,                         )     **ORDER**
                                             )
vs.                                          )
                                             )
Joseph Arpaio,                               )
                                             )
          Defendant.                         )
_____ )

     In this civil rights action brought by a former county jail inmate, Defendant has moved to dismiss (Dkt. #8) for lack of exhaustion.  Plaintiff has failed to respond.  After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**A.    Background**

     In November 2004 Plaintiff filed a civil rights action naming Joseph Arpaio as Defendant and alleging (1) deliberate indifference to his medical needs, (2) a threat to his safety from other inmates due to overcrowding, (3) unsanitary conditions, and (4) an inadequate and non-nutritious diet (Dkt. #1).  The Court ordered Defendant to answer all four claims (Dkt. #6).  Defendant was then served with the Complaint, and subsequently filed a Motion to Dismiss (Dkts. ## 7, 8).  The time for filing a response has expired.

     In his Motion to Dismiss, Defendant argues that Plaintiff has failed to exhaust his administrative remedies because Plaintiff did not avail himself of the Maricopa County Sheriff's Office inmate grievance procedure (Dkt. #8).  Defendant has attached various documents to his motion, including (1) an inmate grievance form submitted by Plaintiff, (2)

the Inmate Grievance Procedure, and (3) an affidavit of Corina Griffin, a Hearing Officer for inmate discipline and grievances.

**B.     Failure to Respond**

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss and this Court orders a response, and "the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."  See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where pro se plaintiff had time to respond to the motion but failed to do so).  Moreover, "[p]ursuant to Federal Rule of Civil Procedure 41(b), [this Court] may dismiss an action for failure to comply with any order of the [C]ourt."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

After Defendant filed the Motion to Dismiss, Plaintiff was provided notice of that motion, advised of his obligation to respond to the motion, and informed that the failure to respond may "be deemed a consent to the granting of that Motion" (Dkt. #9).  Despite these warnings, Plaintiff has failed to respond to the Defendant's Motion to Dismiss.  Plaintiff's failure to respond to the Motion to Dismiss will be construed as a consent to the granting of it.  However, out of an abundance of caution, the merits of Defendant's Motion to Dismiss will be addressed.

**C.     Legal Standard on Motion to Dismiss**

In ruling on a motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff.  Dismissal of the complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief."  McGary v. City of Portland, 386 F.3d 1259, 1261 (9th Cir. 2004); see also Rhodes v. Robinson, 408 F.3d 559, 563 n.1 (9th Cir. 2005).

1    Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may

2    not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all

3    available administrative remedies are exhausted.  See Roles v. Maddox, 439 F.3d 1016, 1017

4    (9th Cir. 2006).    Exhaustion is mandated "regardless of the relief offered through

5    administrative procedures."   Booth v. Churner, 532 U.S. 731, 741 (2001).  It is required in

6    all inmate suits regarding prison life.  Porter v. Nussle, 534 U.S. 516, 523 (2002).

7    "The defendants have the burden of raising and proving a prisoner's failure to exhaust

8    under the PLRA."  Ngo v. Woodford, 403 F.3d 620, 626 (9th Cir.), cert. granted, 126 S. Ct.

9    647 (2005).  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies,

10   the court may look beyond the pleadings and decide disputed issues of fact."  Wyatt v.

11   Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003).    "A prisoner's concession to

12   nonexhaustion is a valid ground for dismissal so long as no exception to exhaustion applies."

13   Id. at 1120.  The proper remedy when a "prisoner has not exhausted nonjudicial remedies .

14   . . is dismissal of the claim without prejudice."  Id.; see also Lira v. Herrera, 427 F.3d 1164,

15   1170 (9th Cir. 2005).

16   **D.    Analysis**

17   According to the documents attached to the motion to dismiss, an inmate should seek

18   to resolve a conflict through the Maricopa County Jail System's Inmate Grievance

19   Procedures.  Specifically, an inmate who wishes to file a grievance will be provided a

20   Grievance Form upon request, and must submit the form to a detention officer.  The

21   unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer.

22   If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision

23   to the jail commander, whose decision may be appealed to an External Referee.  The External

24   Referee's decision is final.

25   If the grievance is based on medical treatment or care, the Hearing Officer will

26   promptly forward the complaint to the charge nurse, who will respond to the inmate.  The

27   inmate may appeal the charge nurse's decision by filing an External Grievance Appeal,

28

1   which is forwarded to the Contracted Health Services Legal Liaison.  The Legal Liaison's

2   decision is final as to medical issues.

3        Defendant has demonstrated that there exists a grievance system which was made

4   available to Plaintiff.  Defendant, however, is incorrect in its contention that Plaintiff admits

5   to not exhausting those administrative remedies (Def.'s Mot. to Dismiss at 2).   In his

6   Complaint Plaintiff asserted that he submitted a request for administrative relief on Count I -

7   the medical care claim (Compl. at 4).  He further alleged that he appealed his request for

8   relief to the highest level (Id.).  Defendant argues that even when a prisoner states multiple

9   claims, but fails to exhaust as to only one claim, the entire complaint should be dismissed.

10  The Ninth Circuit has rejected this view.  Lira, 427 F.3d at 1173.  The Prison Litigation

11  Reform Act's administrative exhaustion requirement does not require dismissal of the entire

12  action when a prisoner brings a § 1983 action containing both unexhausted and exhausted

13  claims.  Id.  The proper treatment is either dismissal of the exhausted claims only or, if

14  unexhausted claims are intertwined with exhausted claims, dismissal of the complaint with

15  leave to amend.  Id. at 1175-76.

16        The affidavit attached to the Motion to Dismiss affirms that Plaintiff filed only one

17  grievance during his confinement at the county jail.  According to the affidavit, this

18  grievance concerned the meat he received with a meal and the inmate records indicate that

19  there was no appeal from this grievance (Griffin Aff. ¶¶ 9, 10).  Griffin specifically affirms

20  that there is no record that Plaintiff filed any grievances regarding his medical care (Id. ¶ 12).

21  Plaintiff was advised that the court may consider sworn declarations.  He was further notified

22  that if Defendant produces admissible evidence demonstrating that Plaintiff failed to exhaust

23  administrative remedies, the Complaint would be dismissed unless Plaintiff responded and

24  produced copies of the grievances and grievance appeals or other evidence to show that there

25  was exhaustion (Dkt. #9).  Although Plaintiff asserted in his Complaint that he exhausted

26  administrative remedies as to Count I, in not responding to the Motion to Dismiss he has

27  failed to sufficiently support that conclusion with copies of any medical grievances or other

28

1   evidence.  Accordingly, based on the evidence before this Court, Plaintiff failed to exhaust

2   his administrative remedies, and Defendant's Motion to Dismiss will be granted.

3        **IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. #8) is **granted**.

4   Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of Court

5   shall enter a judgment of dismissal accordingly.

6        DATED this 12th day of June, 2006.

7

8

9

10                                     Mary H. Murguia
                                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28